UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION
TRUST FUND, *et al.,*

    Plaintiffs,   Case No. 06-12216

v.   Hon. John Corbett O'Meara

NILES GROUP, LTD. d/b/a VALLEY
PAINTING, INC.

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT**

Before the court is Defendant's motion to alter or amend the judgment, filed April 9, 2007.  Plaintiff submitted a response on April 12, 2007.  Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Sept. 8, 1998), no oral argument was heard.

Defendant seeks reconsideration of the judgment entered against it pursuant to Fed. R. Civ. P. 59(e).  "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

> A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered.  Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. . . . [W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.

Keweenaw Bay Indian Community v. State of Michigan, 152 F.R.D. 562, 563 (W.D. Mich. 1992) (citations omitted).

Defendant requests that the court "revisit its interpretation" of two cases it relied upon: Trustees of the B.A.C. Local 32 Insurance Fund v. Ohio Ceiling and Partition Co., 48 Fed. Appx. 188 (6th Cir. 2002) ("OCP I") and Trustees for Michigan B.A.C. Health Care Fund v. OCP Contractors, Inc., 136 Fed. Appx. 849 (6th Cir. 2005) ("OCP II").  Defendant also submitted a collective bargaining agreement for the court's consideration.  Defendant is attempting to relitigate issues that were previously considered by the court, which is not a proper basis for a Rule 59(e) motion.  Although Defendant disagrees with the court's interpretation of OCP I and OCP II, it has not demonstrated that the court has committed a "clear error of law."  Further, the collective bargaining agreement submitted by Defendant is not "newly discovered evidence."  The court finds that relief pursuant to Rule 59(e) is not warranted here.

Therefore, IT IS HEREBY ORDERED that Defendant's April 9, 2007 motion to alter or amend judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

-2-